UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FIRE AND CASUALTY COMPANY,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>KOTA RESOURCES INC., et al.,<br><br>                    Defendant(s). | CASE NO. C25-0727-KKE<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

## I.    BACKGROUND

This action arises from the breach of an Agreement of Indemnity ("Agreement") that Defendants Kota Resources, Inc; Derick M. Williams; Nathanial T. Williams; and Andrea K. Williams executed in favor of Plaintiff United Fire and Casualty Company.  Dkt. No. 1 ¶ 10. Plaintiff issued payment and performance bonds on behalf of Redtail LLC, as principal, with various public entities, as obligees, in connection with certain public works constructions projects in Washington State.  *Id*. ¶ 9.  In exchange for those bonds, Defendants, jointly and severally, agreed to (among other things) indemnify Plaintiff, deposit collateral security with Plaintiff on demand, and pay bond premiums, in accordance with the terms of the Agreement.  *Id*. ¶¶ 11–13. The Agreement defines the circumstances that constitute an event of default, and Plaintiff's complaint identifies two events of default that occurred.  *Id*. ¶¶ 14, 19, 22.  As a result, Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 1

has suffered losses in the form of payments issued and bond premiums paid, and has also incurred attorney's fees and costs, as well as consultant fees and expenses, and now seeks to be reimbursed by Defendants in accordance with the Agreement. *Id*. ¶¶ 24–37.

Although Defendants were properly served with summons and the complaint in this action, they failed to appear or otherwise defend. Dkt. Nos. 6–10. Plaintiff filed a motion for entry of default, which the clerk entered. Dkt. Nos. 10, 15. Plaintiff then filed a motion for default judgment in the amount of $687,899.12 under Federal Rule of Civil Procedure 55(b)(1). Dkt. No. 17 at 7.

Under Rule 55(b)(1), when a party seeks a judgment "for a sum certain or a sum that can be made certain by computation" against a defendant "who has been defaulted for not appearing and who is neither a minor nor an incompetent person[,]" and the party's request is supported by "an affidavit showing the amount due[,]" then "the clerk ... must enter judgment for that amount and costs[.]" But the Local Rules of this district provide that where a plaintiff seeks a default judgment including a claim for "reasonable attorney's fees," this claim is "not for a sum certain under [Rule] 55(b)(1) unless the complaint states the amount of fees sought." Local Rules W.D. Wash. LCR 55(b)(3).

Here, no Defendant is a minor or an incompetent person. Plaintiff's request is supported by an affidavit showing the amount due, but Plaintiff's motion also requests an award of fees in an amount not stated in the complaint. *Compare* Dkt. No. 1 *with* Dkt. No. 17 at 8. Thus, although Plaintiff's motion suggests it should be decided under Rule 55(b)(1) (Dkt. No. 17 at 7), because it seeks an award of reasonable attorney's fees, it will be decided under Rule 55(b)(2) instead.

Nonetheless, as explained herein, the Court finds that Plaintiff has shown that it is entitled to entry of default judgment and the Court will therefore grant its motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 2

## II.  ANALYSIS

### A.  Legal Standards on a Motion for Default Judgment

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide cases "upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court "takes 'the well-pleaded factual allegations' in the complaint 'as true.'" *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267. When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Federal Nat. Mortg. Ass'n v. George*, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought" and other documentation depending on the relief sought. Local Rules W.D. Wash. LCR 55(b)(2).

### B.  Jurisdiction

As a threshold matter, before entering default judgment, a court must first confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 3

("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Here, the Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 ¶ 6. The Court also has personal jurisdiction over Defendants by virtue of the Agreement, whereby Defendants submit to the jurisdiction of any court where a claim demanding payment under a bond could be brought against Plaintiff. *See* Dkt. No. 1-1 at 5. The bond Plaintiff issued to the City of Seattle provides that the proper venue for any action in connection with that bond is King County, Washington, which is in this District. *See* Dkt. No. 1-2 at 3. Thus, the Court is satisfied of its jurisdiction over Plaintiff's claims as well as Defendants.

**C.    Plaintiff Is Entitled to Default Judgment for Losses Suffered as a Result of Defendants' Breach of the Agreement.**

Plaintiff seeks entry of default judgment as to sums it paid out on claims against bonds issued on behalf of Defendants and Plaintiff's enforcement of its rights under the Agreement. Dkt. No. 17-1 at 2. Specifically, Plaintiff seeks $100,662.78 in performance bond payments, $428,558.89 in payment bond payments, and $83,797.40 in unpaid premiums. Dkt. No. 18 ¶ 13. Plaintiff also incurred consultant fees and expenses of $12,077.94.[1] *Id*. And as further discussed in the next section, Plaintiff requests $60,712.00 in attorney's fees and $2,090.11 in costs. Dkt. No. 17-1 at 1.

The Court has considered each of the *Eitel* factors and concludes that Plaintiff is entitled to this relief.

---

[1] This sum is calculated by subtracting the delineated amount of attorney's fees and costs ($60,712 + $2,090.11) from the fee/expenses total ($74,880.05). Dkt. No. 18 ¶ 13, Dkt. No. 19 ¶¶ 4–5.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 4

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to Plaintiff. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation modified). Defendants have failed to respond to or otherwise defend against Plaintiff's complaint, and thus Plaintiff would have no recourse without a default judgment. Therefore, the Court finds the first *Eitel* factor favors a default judgment here.

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis*, 33 F. Supp. 3d at 1211. "In a breach-of-contract claim, the complaining party must prove: (1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach." *Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 224 (Iowa 1998).[2] Here, Plaintiff sufficiently alleged and proved these elements. The parties entered the Agreement, under which Plaintiff agreed to issue bonds on Defendants' behalf, and Defendants agreed to indemnify Plaintiff for payments made in response to claims arising from those bonds. Dkt. No. 1, Dkt. No. 1-1, Dkt. No. 1-2. Defendants thereafter breached the Agreement, and Plaintiff made payments and incurred fees and expenses as a result. *Id.* Therefore, these two factors weigh in favor of entry of default judgment.

The fourth factor, the sum of money at stake, weighs in favor of entering default judgment because it represents the amount that Plaintiff has lost due to Defendants' breach of the Agreement. *See Curtis*, 33 F. Supp. 3d at 1212 (stating that this factor accounts for "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money

---

[2] The Court looks to Iowa law for these elements because the Agreement specifies that it is governed by Iowa law. Dkt. No. 1-1 at 5.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 5

are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct" (citation modified)).

The fifth factor, the possibility of dispute over material facts, supports entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations are true." *Curtis*, 33 F. Supp. 3d at 1212. "Where a plaintiff 'has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *Id.* (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). Here, Plaintiff has provided a copy of the Agreement, and submitted evidence showing that Defendants have breached it and that Plaintiff has suffered losses as a result. Dkt. Nos. 1-1, 18, 19. There is no possibility of dispute over material facts.

The sixth factor, whether default is due to excusable neglect, weighs in favor of entering default judgment because Defendants were served with process (Dkt. Nos. 6–10) yet did not appear or participate in this action.

The seventh factor, the policy underlying the Federal Rules of Civil Procedure, weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation. However, this factor is an insufficient basis on which to deny default judgment when the other factors have been met. *See Empl. Painters' Tr. v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591, at *4 (W.D. Wash. July 6, 2020).

In sum, consideration of the *Eitel* factors support entering default judgment against Defendants to reimburse Plaintiff for the losses it incurred under the Agreement.

D.     **Plaintiff Is Entitled to an Award of Fees, Costs, and Expenses.**

As noted earlier in this order, Plaintiff's motion for default judgment includes a request for reimbursement of $60,712.00 in attorney's fees and $2,090.11 in costs associated with this action. Dkt. Nos. 17, 19.  The Agreement provides that Defendants are obligated to reimburse Plaintiff for these items.  *See* Dkt. No. 1-1 at 2–3.

The Court has reviewed the billing records provided by Plaintiff and finds that both the hours expended and the hourly rates are reasonable.  Dkt. No. 19.  Thus, the Court finds that Plaintiff is entitled to an award of the fees requested.  *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by first calculating the lodestar, which represents the product of a reasonable number of hours expended multiplied by a reasonable hourly rate).

### III.     CONCLUSION

For these reasons, the Court GRANTS Plaintiff's motion for default judgment.  Dkt. No. 17.  Judgment will be entered in favor of Plaintiff consistent with the terms Plaintiff requested.

Dated this 5th day of November, 2025.

Kymberly K. Evanson
United States District Judge